Marshall, C. J.,
 

 concurring. It is a little unusual to use the discussion of the consultation room as the basis for discussion of legal questions in an opinion, but, inasmuch as that course has been followed by the majority, I have no particular reason to complain. My position is correctly reported by the majority opinion. I am clearly of the opinion that the removal of an official from office for misconduct is not in any sense justiciable, but, on the contrary, involves only a political matter. Section 38, of Article II of the Constitution, was adopted to provide an additional method for re
 
 *185
 
 moving public officers by processes other than impeachment. That provision did not refer to a determination of title as between two claimants to an office.
 
 Quo warranto
 
 would have been a remedy for such a controversy, which is clearly a judicial question. Removal of an officer from office must be either judicial or political. It cannot be both. If it is judicial, then Sections 6212-34 and 4268, General Code, which provide for removal of certain officers by the Governor, must be held to confer judicial power upon an executive office. Those statutes have repeatédly been upheld by this court.
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Hawkins,
 
 44 Ohio St., 98, 5 N. E., 228;
 
 State, ex rel. Vogt,
 
 v.
 
 Donahey, Governor,
 
 108 Ohio St., 440, 140 N. E., 609. By upholding the validity of those statutes and the power repeatedly exercised by the Governor by virtue of those statutes, this court has unequivocally held that the power of removal is a political power.
 

 The Legislature had the right to leave this political question to the determination of the court of common pleas, just as it has left other political powers to the court of common pleas, as, for instance, determination of an election contest. The Legislature did not, however, have the power to confer upon the Court of Appeals authority to review the order of the court of common pleas in removing an officer. If the power of review could be conferred upon the Court of Appeals to affirm, reverse or modify such an order made by the court of common pleas, it could likewise confer upon the Court of Appeals the power to review an order of removal by the Governor. I am therefore of the opinion that the order of the court of common pleas removing Judge Bostwick is a finality, and not subject to review by the Court of Appeals, and therefore not subject to review by this court. Additional reasons for this conclusion will be found in the concurring opinion in
 
 State, ex rel. Vogt,
 
 v.
 
 Donahey, supra.
 

 It is argued in the majority opinion that its conclu
 
 *186
 
 sions must be sound because the arguments set forth in this concurring opinion were not advanced by counsel for either side. This requires no further answer than to state that the concurrence of counsel is not accepted as law.
 

 It is further urged that if the power of removal is a political question, the Chief Justice would not have authority to select the judge to try such a case. Again I am compelled to disagree. The Constitution conferring the power to designate judges to serve in other jurisdictions makes no reference to the court. It is the judge who is assigned. The same language is found in Section 1687, General Code. The local judges had disqualified themselves, and the Constitution and the statute conferring the power to designate other judges in the place of those who are disqualified is no different from the designation of a visiting judge in a matter purely justiciable.
 

 Reference has been made to
 
 City of Zanesville
 
 v.
 
 Zanesville Telegraph & Telephone Co.,
 
 64 Ohio St., 67, 59 N. E., 781, 52 L. R. A., 150, 83 Am. St. Rep., 725. That case was decided upon its own peculiar facts and has no bearing upon the principles which control the instant case.